IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA LEE BRAUN | : | CIVIL ACTION |
| v. | : | |
| DAVID ROBERTSON | : | NO. 13-3194 |

MEMORANDUM

STENGEL, J.                                              JUNE 17, 2013

Brenda Lee Braun filed this pro se civil action against David Robertson. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint.

I. FACTS

Plaintiff alleges that the defendant stole her food stamps, cashed them in, and used the money to order pornographic movies on television. She further alleges that he stole over $220 of her rent money. Accordingly, she filed the instant lawsuit, seeking reimbursement for her rent money, food stamps and cable television bill, and a no-contact order.[1]

II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.

---

[1] Plaintiff, who is currently a resident of Pennsylvania, initially filed her claims in the District of Delaware in March of 2013, when she lived in Delaware. See Braun v. Robertson, Civ. A. No. 13-448 (D. Del.). That action was dismissed for lack of subject matter jurisdiction. Plaintiff was given leave to file an amended complaint, but failed to do so. Instead, she filed a new complaint in this court.

That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Nothing in plaintiff's complaint sets forth a basis for a federal claim. To the contrary, it appears that she is raising claims under state tort law. However, there is no basis for jurisdiction over those claims.

Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Here, diversity is lacking because the complaint indicates that the parties are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). Furthermore, the amount in controversy does not exceed the jurisdictional threshold. See Spectacor Mgmt. Grp. v. Brown, 131

F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint.").

A district court should ordinarily allow a pro se plaintiff to amend her complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Here, amendment would be futile because it is apparent that this case concerns matters of state law and that there is no basis for diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. The dismissal is without prejudice to plaintiff's ability to pursue her claims in state court. An appropriate order follows.